UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  Chapter 11

BK4 LLC,                                                             Case No. 21-70681-AST

                                    Debtor.
-------------------------------------------------------------x

## DEBTOR'S AMENDED DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

Tal August declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the manager and sole member of BK4 LLC (the "Debtor") and as such I am fully familiar with the facts and circumstances set forth herein.

2. I respectfully submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The purpose of this Declaration is to assist the Court, creditors and other parties-in-interest in understanding the circumstances which necessitated the filing of the Chapter 11 petition, as well as the Debtor's debt and capital structure, and the Debtor's reorganization plans.

### The Nature of the Debtor's Business

3. The Debtor is a New York limited liability company with its principal place of business in Albertson, N.Y. The Debtor is the owner and developer of certain adjoining residential two and three family townhouse style homes located at 2, 4 and 6 McGuiness Boulevard in Brooklyn, N.Y. respectively (the "Residential Development"). The Residential Development is now fully complete after several years of construction. The Debtor has entered three pending contracts to sell each of the units to third-party buyers as summarized below:

| Location | Buyer | Price |
| --- | --- | --- |
| 2 McGuiness Boulevard | BMH Consulting | $2,090,000 |
| 4 McGuiness Boulevard | Gao | $2,350,000 |
| 6 McGuiness Boulevard | Puutio | $1,850,000 |

4. The Residential Development is subject to mortgages held by 246 McGuiness Capital LLC (the "Lender"), as the assignee of Emerald Creek Capital 3, LLC (the "Original Lender"), in the principal amount of $4.5 million, plus accrued interest and fees.

5. Pending completion of the various sales, certain of the units are being leased to residential tenants.

### Events Necessitating the Chapter 11 Filing

6. The Debtor was about ready to close on various unit sales in early 2020 when the Covid-19 pandemic struck and resulted in the suspension of all activity for almost ten months' time. In the wake of the pandemic, the Debtor initially sought a moratorium or forbearance from its Original Lender to extend the maturity date of the underlying mortgage. If not for the pandemic, the Debtor would have been in a position to sell the units and thereby satisfy the mortgage debt before maturity in July. All of this changed, however, with the onset of the pandemic and the ensuing interruption in development activity.

7. Instead of extending maturity, however the Original Lender abruptly sold the mortgage debt to an opportunistic note buyer, which is now seeking excessive default interest and other charges, retroactive to July 2020. These added charges dramatically altered the economics of the project and have skewed the Debtor's ability to close on the pending sales and obtain fair release prices.

8. The instant Chapter 11 filing is made in an effort to enable the Debtor to be in a position to proceed with the sale of the units without the Lender having complete veto power over the process. Ultimately, the Debtor will use the sale proceeds to promulgate and file

a plan of reorganization, while contesting the Lender's entitlement to default interest and other add-on charges.

9. Absent Bankruptcy Court involvement, the Debtor is fearful that it will be unable to close on the pending sale contracts and all equity in the development will be lost.

### Local Rule 1007-4 Disclosures

10. Pursuant to Local Rule 1007-4(a)(iv) and (v), no committee of creditors was formed prior to the filing of the Petition.

11. Pursuant to Local Rule 1007-4(a)(vi), a list of the Debtor's twenty largest creditors is included as part of the Debtor's bankruptcy schedules filed herewith.

12. Pursuant to Local Rule 1007-4(a)(vii), the Lender is the Debtor's sole secured creditor.

13. Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities are set forth in the bankruptcy schedules filed herewith.

14. Pursuant to Local Rule 1007-4(a)(ix), I am the sole member and manager of the Debtor, and receive a monthly salary of $8,500.

15. Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession of a receiver or other custodian.

16. Pursuant to Local Rule 1007-4(a)(xi), the Debtor owns as its primary asset the Residential Development which has a total sell-out price of $6,290,000.

17. Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are located in Albertson, New York.

18. Pursuant to Local Rule 1007-4(a)(xiii), the Debtor is not subject to any pending legal proceedings.

19.     Pursuant to Local Rule 1007-4(b)(xvi), the Debtor generates current monthly rents of approximately $25,000 and incurs monthly operating expenses of approximately $15,000 excluding debt service.

Dated:  Albertson, New York
          April 13, 2021

/s/ Tal August